### CRAIG-CURTISS CO. v. KUTRUS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8209. Decided Sept. 17, 1928.

(Middleton, PJ., and Mauck, J., of the 4th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**TRIAL.**

(590 E3a1) Evidence as to making of repairs after an injury has been sustained, not admissible for purpose of showing negligent condition existed prior to repairs being made.

(590 E3a2) Evidence of repairs not admissible as general rule, may be shown for purpose of proving or disproving other issues in the case. Defendant having offered testimony tending to show that sidewalk, after injury, was not in condition claimed by plaintiff, plaintiff has right, upon rebuttal to introduce evidence of repairs.

(590 Cg) Party desiring jury to be instructed to consider testimony for single purpose only, bound to call judge's attention to his failure to so instruct.

Error to Common Pleas.
Judgment affirmed.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Craig-Curtiss.

Anderson & Lamb, and Alfred DeLorenzo, Cleveland, for Kutrus.

#### STATEMENT OF FACTS.

The plaintiff, Mary Kutrus, charged in her petition that she sustained personal injuries by reason of the negligence of The Craig-Curtiss Company. The gist of her complaint was that The Craig-Curtiss Company was engaged in construction work on a building in the City of Cleveland and had erected a fence out over the sidewalk, had torn up part of the sidewalk and had substituted a plank walk along the fence for the use of pedestrians; that it was negligent in permitting a board to protrude upon the level of the walk, and that plaintiff fell over this protruding obstruction and sustained the injuries complained of.

The defendant denied its own negligence and pleaded the contributory negligence of the plaintiff.

Trial was had resulting in a verdict for the plaintiff, and it is now sought to reverse the judgment entered on that verdict.

MAUCK, J.

The first question arises out of the action of the court in permitting the plaintiff to prove that the defendant repaired the walk complained of after the injury.

The policy of the law is to encourage and not to discourage repairs, and this policy has firmly established the rule that the making of repairs after an injury has been sustained is not an admissible fact for the purpose of showing that a negligent condition existed prior to repairs being made. While this is a general rule, a well established modification of the same is that subsequent repairs may be shown for the purpose of proving or disproving some other issue in the case. Wigmore, Sec. 283; Jones on Evidence, Section 1043.

The defendant had offered testimony that tended to show that the sidewalk, after the injury complained of, was not in the condition claimed by the plaintiff, and this testimony consequently tended to show that the plaintiff's injury did not occur in the way that was claimed. To meet this the plaintiff had a right, upon rebuttal, to show, if it could, that after the injury was sustained the defendant had made changes in the situation that would account for the fact that witnesses subsequently found no such conditions as the plaintiff claims to have existed at the time she fell. It cannot be said, therefore, that the testimony was wholly incompetent.

The claim is made, however, that if the testimony was competent for a restricted purpose, it was error to receive it unless the court contemporaneously advised the jury of the limits within which it could be considered under authority of Brewing Company v. Bauer, 50 OS. 560, Village of Lebanon v. Schwartz, 25 C.C. (N.S.) 273, and Halle Brothers Company v. Ralls, 19 O.A. 427.

The authorities cited do not sustain the claim made for them.

We see no reason why the defendant, if it desired that the jury be instructed to consider the testimony for a single purpose only was not bound by the rule applicable in other cases requiring it to call the judge's attention to his failure to so instruct. Rolling Mill v. Corrigan, 46 OS. 283.

The general rule in other states is free from doubt. A general objection to a question which may elicit an answer competent for one purpose but incompetent for another is an insufficient predicate for a complaint that the testimony was erroneously admitted. Jones on Evidence, Sections 2522 and 2523; Wigmore on Evidence, Section 18; Thompson on Trials, Section 693.

(Middleton, PJ., concurs.)